FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL DEGON,<br>Plaintiff,<br>v.<br>MICHAEL WILLIAMS, AVORY BEGGS, WHITMAN TERMINALING, LLC, and WILLIAMS GROUP, INC,<br>Defendants. | No. 2:22-CV-00142-SAB<br><br>**ORDER GRANTING DEFENDANTS' WHITMAN TERMINALING AND WILLIAMS GROUP MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Defendant Whitman Terminaling, LLC's Motion for Summary Judgment, ECF No. 160 and Defendant Williams Group, Inc.'s Motion for Summary Judgment, ECF No. 163. The motions were heard without oral argument.[1] Plaintiff is represented by Isaac Huettl, Jason Piskel, and Robert Gingras. Defendant Whitman Terminaling, LLC is represented by Amy Yoon and Binah Yeung. Defendant Williams Group, Inc. is represented by Andrea Meyer and Timothy Coleman.

Plaintiff's Third Amended Complaint alleges Defendants participated in a

[1] The Court has determined that oral argument is not necessary. *See* Local Rule 7(i)(3)(B)(iii).

civil conspiracy to deprive Plaintiff of his rightful ownership in two projects. Defendants Whitman Terminaling, LLC and Williams Group ask the Court to grant summary judgment in their favor.

**Motion Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**Background**

This case began in June 2022 when Plaintiff filed his Complaint, alleging claims against Defendant Michael Williams. The trial was continued a number of

times based on the requests from the parties. In February of this year, Plaintiff filed a Third Amended Complaint, alleging for the first time a claim of civil conspiracy against Defendant Michael Williams, along with newly added Defendants—Avory Beggs, Whitman Terminaling, LLC, and Williams Group, Inc. Plaintiff alleges the newly-named Defendants conspired with Defendant Williams to breach his handwritten contract with Plaintiff and commit fraudulent misrepresentations, concealment of material facts, and other deceptive acts resulting in Plaintiff being deprived of ownership in Projects 1 and 2.

In his response, Plaintiff identifies as central to his conspiracy claim the testimony from Shane Glavin, vice-president of finance and administration of Railroad Material Savage, who overhead Defendant Beggs tell Defendant Williams during the last two years of development that Plaintiff's desire to obtain an equity position in the projects was unreasonable and that Plaintiff was overstating his value to the projects, to which Williams responded, "fuck [DeGon]. ECF No. 179, p. 6. Plaintiff asserts that Defendant "Williams committed a cognizable, underlying fraud, and Beggs, Williams Group, and Whitman participated in and implemented that fraud by diverting ownership from DeGon, using Whitman and Williams Group as instruments to perpetuate the fraud." *Id.* at 9-10.

**Analysis**

Here, summary judgment in favor of Defendant Whitman Terminaling and Defendant Williams Group is appropriate because Plaintiff's civil conspiracy claim asserted against them is barred by the three-year statute of limitations. Under Washington law, a plaintiff must prove a civil conspiracy by showing "by clear, cogent and convincing evidence that (1) two or more people contributed to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy." *Wilson v. State*, 84 Wash. App. 332, 350–51 (1996). It is sufficient if the proof shows concert of action or other facts and circumstances

from which the natural inference arises that the unlawful overt act was committed in furtherance of a common design, intention, and purpose of the alleged conspirators. *Lyle v. Haskins*, 24 Wash.2d 883, 899 (1946). Mere suspicion or commonality of interests is insufficient to prove a conspiracy. *Young v. Rayan*, 27 Wash.App. 500, 518 (2023). If the facts and circumstances relied upon are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient to support a civil conspiracy claim. *Id.*

It is undisputed that around October 1, 2018, Plaintiff learned that Whitman Terminaling owned the storage tracks south of Cameron Road, would retain ownership of those storage tracks, and Plaintiff would not have any interest in Whitman Terminaling or its storage tracks. And it is undisputed that Plaintiff learned in July 2020, that Plaintiff did not have an ownership interest in the storage tracks north of Cameron Road that were built and owned by Whitman Terminaling. Additionally, the only action Plaintiff is alleging Defendant Williams Group did in furtherance of the conspiracy was to purchase land from the State of Washington in 2017, which it did with Plaintiff's assistance, and thus knowledge.

No later than 2018 then, Plaintiff had all the essential facts of his alleged injury. He knew he had no ownership interests in the storage tracks, and he knew who owned the storage tracks. At that point, Plaintiff would have understood Whitman Terminaling and Williams Group role in the alleged conspiracy with Williams and Beggs to deprive him of what he believed he was entitled to under the handwritten Contract. No reasonable jury could conclude that Plaintiff only understood the extent of Whitman Terminaling's and the Williams Group's role in the conspiracy after the Glavin October 2023 deposition.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Whitman Terminaling, LLC's Motion for Summary Judgment, ECF No. 160, is **GRANTED**.

2. Defendant Williams Group, ECF No. 163, Motion for Summary

Judgment, ECF NO. 163, is **GRANTED**.

3. The civil conspiracy claims asserted against Defendant Whitman Terminaling, LLC, and Defendant Williams Group, are dismissed with prejudice.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 2nd day of November 2026.

Stan Bastian
Chief United States District Judge