FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 03, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL DEGON,<br>Plaintiff,<br>v.<br>MICHAEL WILLIAMS, AVORY BEGGS, WHITMAN TERMINALING, LLC, and WILLIAMS GROUP, INC,<br>Defendants. | No. 2:22-CV-00142-SAB<br><br>**ORDER GRANTING DEFENDANT AVORY BEGGS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Defendant Avory Beggs' Amended Motion for Summary Judgment. ECF. No. 170. The motion was heard without oral argument.[1] Plaintiff is represented by Isaac Huettl, Jason Piskel, and Robert Gingras. Defendant Beggs is represented by Christopher Confer, Karl Juckelman, and Scott Cifrese.

Plaintiff's Third Amended Complaint alleges Defendants participated in a civil conspiracy to deprive Plaintiff of his rightful ownership in two projects. Defendant Avory Beggs moves the Court to grant summary judgment on the civil

[1] The Court has determined that oral argument is not necessary. *See* Local Rule 7(i)(3)(B)(iii).

conspiracy claim.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Background

This case began in June 2022 when Plaintiff filed his Complaint, alleging claims against Defendant Michael Williams. The trial was continued a number of times based on the requests from the parties. In February of this year, Plaintiff filed a Third Amended Complaint, alleging for the first time a claim of civil conspiracy

against Defendant Michael Williams, along with newly added Defendants—Avory Beggs, Whitman Terminaling, LLC, and Williams Group, Inc. Plaintiff alleges the newly-named Defendants conspired with Defendant Williams to breach his handwritten contract with Plaintiff and commit fraudulent misrepresentations, concealment of material facts, and other deceptive acts resulting in Plaintiff being deprived of ownership in Projects 1 and 2.

In his response, Plaintiff identifies as central to his conspiracy claim the testimony from Shane Glavin, vice-president of finance and administration of Railroad Material Savage, who overhead Defendant Beggs tell Defendant Williams during the last two years of development that Plaintiff's desire to obtain an equity position in the projects was unreasonable and that Plaintiff was overstating his value to the projects, to which Williams responded, "fuck [DeGon]. ECF No. 179, p. 6. Plaintiff asserts that Defendant "Williams committed a cognizable, underlying fraud, and Beggs, Williams Group, and Whitman participated in and implemented that fraud by diverting ownership from DeGon, using Whitman and Williams Group as instruments to perpetuate the fraud." *Id.* at 9-10.

**Analysis**

Here, summary judgment in favor of Defendant Avory Beggs is appropriate because Plaintiff's civil conspiracy claim asserted against her is barred by the three-year statute of limitations. Under Washington law, a plaintiff must prove a civil conspiracy by showing "by clear, cogent and convincing evidence that (1) two or more people contributed to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy." *Wilson v. State*, 84 Wash. App. 332, 350–51 (1996). It is sufficient if the proof shows concert of action or other facts and circumstances from which the natural inference arises that the unlawful overt act was committed in furtherance of a common design, intention, and purpose of the alleged conspirators. *Lyle v. Haskins*, 24 Wash.2d

883, 899 (1946). Mere suspicion or commonality of interests is insufficient to prove a conspiracy. *Young v. Rayan*, 27 Wash.App. 500, 518 (2023). If the facts and circumstances relied upon are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient to support a civil conspiracy claim. *Id.*

The undisputed facts indicate Plaintiff knew of Defendant Beggs involvement in Project 1 and 2, and he knew by September 2018, that he would not have any ownership interest in Project 1, which Defendant Williams told him. And he knew in July 2020 that he would not have any ownership interest in Project 2, when Defendant Williams told him. Plaintiff and Defendant Beggs exchanged emails beginning in 2017, when Beggs wrote to Plaintiff that the land purchase contract for the relocated storage facility had to be placed in Whitman Terminaling's name to not delay the Project any further. Plaintiff responded that he would not just give up his 25% interest unless Beggs and Williams first agreed to a list of conditions. Beggs responded with her concern about the arrangement, thereby putting Plaintiff on notice that Beggs believed Plaintiff's request for ownership in the projects was unreasonable.

While there is dispute as to whether the text Beggs sent to Plaintiff was to the correct phone number, it is undisputed that Plaintiff received the emails in discovery on February 1, 2023. In any event, it is undisputed that he learned that the north storage facility was not built under WDB Terminaling in July 2020. And it is undisputed that in the days following Plaintiff's removal from Project 2, Williams called him and relayed the sum and substance of Beggs' text message. No reasonable jury could find that Plaintiff only became aware of Defendant Beggs' involvement in diverting Plaintiff's ownership in Project 1 and 2 when Glavin gave his testimony in March 2023.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Avory Beggs' Amended Motion for Summary Judgment,

ECF No. 170, is **GRANTED**.

2. Defendant Avory Beggs' Motion for Summary Judgment, ECF No. 158, is **DENIED**, as moot.

3. The civil conspiracy claims asserted against Defendant Avory Beggs is dismissed with prejudice.

4. Plaintiff's Motion to Strike Defendants Avory Beggs and Williams Group, Inc.'s Motions for Joinder and Motion to Dismiss, ECF No. 184, is **GRANTED**. Defendants' motions are untimely.

5. Defendant Avory Beggs' Response to And Joinder of Defendant Whitman Terminaling, LLC's Motion for Summary Judgment; and/or in the Alternative, Defendant Avory Beggs Motion to Dismiss for Failure to State a Claim, ECF No. 175, is **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 3rd day of November 2026.

Stan Bastian
Chief United States District Judge